IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NELIA NEBRE,

    Plaintiff,

v.

WACHOVIA MORTGAGE, et al.,

    Defendants.

No. C 09-1239-SBA

**ORDER**

[Docket No. 15]

This matter is before the Court on Defendant Wachovia Mortgage F.S.B.'s Motion to Dismiss [Docket No. 15]. Plaintiff has filed neither an opposition brief nor a statement of non-opposition, as required by L.R. 7.3(a)-(b). This court's civil standing order No. 8 notifies parties that the failure to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion. Plaintiffs' failure to follow a district court's local rules is a proper basis for dismissal. *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995).

Having read and considered the arguments presented by Defendant in the papers submitted to the Court, the Court finds Plaintiff's claims are preempted by the Home Owner's Loan Act and are therefore barred. *Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008); 12 C.F.R. §§500.10, 560.2.

Additionally, Plaintiff has failed to state a claim upon which relief can be granted as to the fraud, reformation and quiet title and set aside foreclosure causes of action in her complaint. A plaintiff asserting a fraud claim must "adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir.1993); *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.1990) ("Although states of mind may be pleaded generally, the 'circumstances' must be pleaded in detail. This means the who, what, when, where, and how..."). Plaintiff's  allegations of an unspecified fraud by unspecified persons or entities fall short of Rule

9(b)'s pleading requirements for fraud.  *See* Compl. ¶¶ 2, 24, 26, 34, 35, 50.

Finally, Plaintiff fails to plead the essential elements of reformation.  *See Lane v. Davis*, 172 Cal.App.2d 302, 308 (1959) (stating the elements of reformation); *Phillips Med. Capital LLC v. Medical Insights Diagnostics Centers, Inc*., 471 F.Supp.2d 1035, 1046-47 (to state a claim for reformation, a plaintiff must plead that the language of the writing failed, for some reason, to express the intention of the parties).  Plaintiff also fails to state a claim against Wachovia to quiet title and set aside the foreclosure because, among other deficiencies, she does not allege a credible tender of payment in connection with the claim for wrongful foreclosure. *Karlsen v. American Savings and Loan Assoc*., 15 Cal.App.3d 112,117-18 (1971).

Accordingly, Defendant Wachovia Mortgage F.S.B.'s motion to dismiss is hereby GRANTED without leave to amend.  Because plaintiff's state law claims are preempted by federal law, the pleading could not possibly be cured by the allegation of other facts, thus amendment of the complaint would be futile.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000).

IT IS SO ORDERED.

Dated: 6/12/09

Hon. Saundra Brown Armstrong
United States District Court Judge

2